UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MALCOLM SKLAR, ARCH INSURANCE COMPANY AND GALLAGHER BASSETT SERVICES, INC. | ) ) ) ) | |
| PLAINTIFFS | ) | CIVIL ACTION NO.: |
| | ) | |
| V. | ) | 3:17-CV-289 |
| | ) | |
| JENNIFER FRANK AS ADMINISTRATRIX OF THE ESTATE OF LOTHAR L. FRANK, STATE OF CONNECTICUT, DEPARTMENT OF ADMINISTRATIVE SERVICES AND THE UNITED STATES OF AMERICA | ) ) ) ) ) | |
| | ) | FEBRUARY 20, 2017 |
| DEFENDANTS | ) ) ) | |

INTERPLEADER COMPLAINT

Plaintiff Malcolm Sklar, Plaintiff Arch Insurance Company and Plaintiff Gallagher Bassett Services, Inc. complain and implead as follows:

COUNT ONE-INTERPLEADER

1.    Plaintiff Malcolm M. Sklar ("Malcolm") resides at 20 Thankful Bradley Road, Redding, Connecticut.

2.    Plaintiff Arch Insurance Company ("Arch") is a Missouri corporation with its principal office located at 34

Exchange Place, Jersey City, NJ 07302.  Arch is Malcolm's insurance carrier.

3.     Plaintiff Gallagher Bassett Services, Inc. ("GBS") is a Delaware corporation with its headquarters located at 2 Pierce Place, Itasca, IL 60143.  GBS is the third party administrator for Malcolm's insurance carrier.

4.     Defendant Jennifer Frank ("Jennifer") resides at 26 Riverview Drive, Bridgeport, Connecticut and at all material times has been duly qualified and acting as the administratrix of the estate of Lothar Frank a/k/a Lothar Lawrence Frank.

5.     Defendant Koskoff, Koskoff & Bieder, P.C. ("Koskoff") is a Connecticut professional corporation with its offices at 350 Fairfield Avenue, Bridgeport, Connecticut.

6.     Jennifer commenced a wrongful death action against Malcolm, *Jennifer Frank, administratrix of the estate of Lothar Frank v. Malcolm Sklar* in the Bridgeport Superior Court, docket # FBT-CV-13-6039890-S.

7.     Jennifer and Malcom settled the wrongful death action in exchange for a payment of $700,000, subject to the satisfactory payment of all liens.

8.     This amount was being paid by Malcolm's insurance

- 2 -

carrier.   Payment is being arranged by GBS.

9.   Jennifer was to obtain permission for the settlement from the Bridgeport Probate Court.

10.   This has been done.

11.   The Bridgeport Probate Court ordered Koskoff hold the funds pending further order of the court and approval of a final accounting.

12.   Jennifer has not filed a fiduciary bond with the Bridgeport Probate Court.

13.   It will take more than 30 days to have the final accounting approved by the Bridgeport Probate Court.

14.   Jennifer was to tender a fully executed general release in favor of Malcolm.

15.   This has been done, except the tendered release was not witnessed by two witnesses.

16.   Upon information and belief, Defendant Koskoff may claim an interest in the proceeds as counsel for plaintiff in the underlying state court wrongful death action.

17.   Defendant State of Connecticut, acting through its Department of Administrative Services, claims a Medicaid lien upon the settlement pursuant to Connecticut General Statutes

§17b-95.

18.   A true and correct copy of the notice of this lien is attached as Exhibit 1.

19.   Jennifer does not want Malcolm, Arch or GBS to pay the State of Connecticut's Medicaid lien, subjecting them to possible double liability.  Personal liability attaches if the lien has not been paid within 30 days of payment by the alleged tortfeasor or his insurance carrier.

20.   Defendant United States of America claims two Medicare liens upon the settlement pursuant to 42 U.S.C. §1395y(b)(2)(B) and 42 CFR 411.2 (one for $21,538.46 and $11,498.20).

21.   The United States of America acts through its Benefits Coordination & Recovery Center which is located at P.O. Box 138832, Oklahoma City, OK 73113.

22.   Jennifer does not want Malcolm, Arch or GBS to pay the United States of America's Medicare liens, subjecting them to possible double liability.  Personal liability attaches if the liens have not been paid within 30 days of payment by the alleged tortfeasor or its insurer.

23.   Jennifer (solely as the fiduciary of the estate) has offered to indemnify Malcolm, GBS and Arch, but they will not

accept her indemnification.

24.  This court has jurisdiction over this matter pursuant to FCRP 22, 28 USC §1331, 28 USC §1335, 28 USC §1397 and 28 USC §2361.

WHEREFORE, Plaintiff Malcolm Sklar, Plaintiff Arch Insurance Company and Plaintiff Gallagher Bassett Services, Inc. pray for:

1.  Defendants be ordered to appear to prove their claims, if any, to the settlement proceeds;

2.  Plaintiffs be allowed their reasonable costs, expenses and attorneys' fees in bringing this action pursuant to Connecticut General Statutes §52-484 and deduct same from the settlement proceeds;

3.  Jennifer be required to produce a duly executed notarized general release (with two witnesses);

4.  Jennifer be temporarily and permanently enjoined from further proceedings in *Jennifer Frank, administratrix of the estate of Lothar Frank v. Malcolm Sklar* in the Bridgeport Superior Court, docket # FBT-CV-13-6039890-S pursuant to 28 USC §2361;

5.  Jennifer be required to withdraw *Jennifer Frank,*

- 5 -

*administratrix of the estate of Lothar Frank v.*

*Malcolm Sklar* in the Bridgeport Superior Court, docket

# FBT-CV-13-6039890-S;

6.    Upon payment of the settlement proceeds to this Court

or to such other persons as the Court may order,

Plaintiffs be discharged of all liability to the

Defendants and that the respective rights of the

Defendants herein named be determined by this court;

7.    Interest;

8.    Costs; and

9.    Such other and further relief as the Court may deem

just and equitable.

Houston Putnam Lowry, Esq.
Counsel for Malcolm Sklar, Arch Insurance
        Company and Gallagher Bassett
        Services, Inc.
Polivy, Taschner, Lowry & Clayton, LLC
6 Central Row-Second Floor
Hartford, CT 06103
(860) 560-1180
FAX: (860) 560-1354
Email: PTL@HPLowry.com
Federal Bar # CT05955

# EXHIBIT 1

# DEPARTMENT OF ADMINISTRATIVE SERVICES

165 Capitol Avenue, Hartford, CT 06106-1658

April 08, 2016

JENNIFER FRANK, Fiduciary
Estate of FRANK LOTHAR
26 RIVERVIEW DR
BRIDGEPORT, CT 06606

Re:  Estate of FRANK LOTHAR
Case Name:   LOTHAR, FRANK
Case Number: 

Under authority of Chapters 319s, 319v and 319y of the General Statutes of Connecticut and amendments thereto, and with particular reference to 17b-95, the State of Connecticut, acting herein by it's Commissioner of Administrative Services, presents a claim against the above decedent estate for the reimbursement of public assistance in the amount of $133,006.68.

This claim is supported by the attached statement and represents the amount now due the state in consideration of care provided to, or in behalf of, the deceased under the provisions of Chapter 319s, 319v, and 319y of the General Statutes and with particular reference to 17b-95.

If the assets of the decedent estate contain real property and you have reason to believe that the Department of Social Services has either a mortgage or a real property lien on file in the land records where the real property is located, you must contact the Department of Social Services, Quality Assurance, Property Division **for a payoff figure and release of mortgage or lien** to resolve the encumbrance. Questions my be directed to the Department of Social Services, Quality Assurance, Property Division, 25 Sigourney Street, Hartford, CT 06106. The mortgage or real property lien is separate and distinct from the Department of Administrative Services' decedent estate claim as herein stated; however, it is noted that any payments made toward such mortgage or real property lien of the Department of Social Services, may be a credit against the estate's creditor's claim in favor of the Department of Administrative Services as herein stated.

If you have any questions concerning this claim or the interests of the State, please contact the undersigned.

Sincerely,

Francisco Rivera
Reimbursement Analyst
Phone: (860) 713-5421 Fax:  (860) 622-4942

FR;CD
Enclosures
Certified
cc:  Bridgeport Probate District
     Atty:

*An Affirmative Action/Equal Opportunity Employer*

ltrDSS_E